Mario Pittoni, J.
Defendant Bernstein moves for summary judgment dismissing the complaint as against him, and severing the action. The motion is granted.
The plaintiff was a passenger in defendant Bernstein’s car when Bernstein was about to make a left turn. His left-turn blinker was on, the traffic signal light overhead was green, and when there was a space of 50 yards to complete his turn he did. When he had nearly completed his turn the other defendant struck defendant Bernstein’s car.
The plaintiff gave a statement in which, he said: “ On 11/24/59 I was a passenger in my car while it was being driven by my neighbor and fellow employee, Martin Bernstein. We were involved in an accident at the intersection of Long Beach Road and Atlantic Avenue, Oceanside. We were at least 90% through our turn when we were hit by car No. 2, a 1947 Dodge. There is no question in my mind that this accident was caused by the driver of ear No. 2. Mr. Bernstein did not act in a negligent manner in any way.”
The codefendant, who was served in this proceeding, has interposed no answering affidavit.
The plaintiff, too, has interposed no answering affidavit. The only opposition affidavit is by the plaintiff’s attorney. He states that “ At the time of the accident Mr. Bernstein Avas driving the plaintiff’s automobile, and the plaintiff Avas a passenger therein.” He then goes on to say that despite the plaintiff’s version “ a jury may well find that Mr. Bernstein was negligent.” The affidaAdt continues in the same vein. Even if this statement were a defense, the affidavit is by the attorney, not by the party plaintiff, has no probative value and must be disregarded (Di Sabato v. Soffes, 9 A D 2d 297, 301 [1st Dept.]; Cohen v. Pannia, 7 A D 2d 886 [4th Dept.]; Barnet v. Horwitz, 278 App. Div. 700 [2d Dept.]).
Motion granted. Submit order.